UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OLIVER HOWARD #399325** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-1884** |
| **BURL CAIN, WARDEN** | **SECTION "J" (6)** |

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

In this habeas petition, OLIVER HOWARD seeks relief from his June 19, 1998 state court conviction for armed robbery, a violation of La. R.S. 14:64, for which he was sentenced as a multiple offender to a term of fifty (50) years without benefit of parole,

probation or suspension of sentence.[1] Howard originally filed this writ of habeas corpus on or about July 1, 2004 and the State of Louisiana filed a response thereto, asserting that Howard had failed to exhaust his state court remedies.[2] On September 1, 2004, the undersigned Magistrate Judge recommended that petitioner's habeas corpus be dismissed for failure to exhaust state court remedies.[3] The district judge agreed with the Magistrate Judge's Report and Recommendation and entered a Judgment adopting the Report and Recommendation on September 1, 2004.[4] On December 2, 2004, the district judge, however, granted petitioner's motion to hold his petition in abeyance and motion to reinstate his habeas petition, after petitioner informed the court that he had, in fact, exhausted his state court remedies.[5]

After this matter was reopened, the State was ordered to file an answer to Howard's habeas petition. Therein, the State argued that the status of petitioner habeas application was

---

[1] *State v. Howard*, Criminal Docket No. 97-5887 "E", 24th Judicial District Court, Parish of Jefferson, Louisiana. *See* Minute entry dated July 10, 1998, State Rec. vol. 1 of 5.

[2] *See* Fed. Rec. Docs. 1 and 4.

[3] *See* Fed. Rec. Doc. 5.

[4] *See* Fed. Rec. Doc. 7.

[5] Petitioner specifically informed the court that the Louisiana Supreme Court had acted upon his writ application no. 2003-KH-2598 on October 8, 2004. See Motion to Hold Habeas Application in Abeyance, Rec. Doc. 6, and Motion to Reinstate, Fed. Rec. Doc. 8. See also District Court's Order dated December 2, 2004, Fed. Rec. Doc. 9.

that of a still unexhausted petition.[6] The undersigned, after review of the record, including the prior Report and Recommendation issued in this matter, agrees.

## Analysis

In his federal habeas application, petitioner Howard raises the following claims: 1) Insufficient evidence to support the conviction; 2) excessive sentence; 3) unconstitutional jury charge on the law of principals; 4) violation of constitutional rights when an inculpatory statement which was not freely and voluntarily given was admitted into evidence; 5) trial counsel was ineffective for ignoring defense of insanity through intoxication and in failing to object to the charge given on insanity through intoxication; 6) appellate counsel was ineffective for failing to challenge the lower court's ruling on the motion to suppress; 7) trial counsel was ineffective in failing to object to prosecutorial misconduct when the prosecutor vouched for the credibility of a witness and appellate counsel was ineffective in failing to challenge this same issue on appeal; 8) prosecutorial misconduct in the making of inflammatory remarks during opening statements, closing and rebuttal; 9) ineffective assistance when counsel failed to allow defendant to testify on his own behalf; 10) perjured testimony and ineffective assistance of counsel for failing to object to the perjured testimony; 11) due process violation when petitioner's appellate review was conducted on an incomplete record; 12) due process violation and ineffective assistance of counsel when law enforcement

---

[6] See Fed. Rec. Doc. 12.

failed to preserve evidence favorable to the defense and counsel failed to object; 13) ineffective assistance and confrontation clause violation when hearsay evidence was admitted without objection; and, 14) due process violation and ineffective assistance of counsel when irrelevant evidence (specifically evidence of a knife) was admitted at trial without objection. As previously discussed in the undersigned Magistrate Judge's Report and Recommendation dated September 1, 2004, "the only claims which petitioner has exhausted in the state courts are the issues of insufficient evidence, misapplication of *Jackson v. Virginia*, excessive sentence and misapplication of *State v. Dorthey*."[7]

At the time the Report and Recommendation was issued, petitioner had a writ application pending before the Louisiana Supreme Court, writ application no. 2003-KH-2598. However, the Magistrate Judge noted, in footnote 11 of the Report and Recommendation that "[e]ven if petitioner's current writ application before the Louisiana Supreme Court is denied, it is clear that the substantive claims which he seeks to litigate on federal habeas review have never been properly presented to the highest state court as such a denial would be based upon the trial court's lack of jurisdiction." In other words, in writ application No. 2003-KH-2598, petitioner argued only that the trial court's July 3, 2003 denial of his fifteen claims for relief on the basis of a lack of jurisdiction[8] was in error.

---

[7]See Fed. Rec. Doc. 5 , Report and Recommendation at p. 5.

[8]*See* a copy of the trial court's ruling in State Rec. vol. 3 of 5. The trial court found that, since petitioner had writ application no. 2003-KH-1630 pending before the Louisiana Supreme Court at the same time that he had filed a post-conviction application with the trial court, then the trial court was divested of

Specifically, petitioner argued that  1) the trial court's failure to address his application was an abuse of discretion; 2) the trial judge's failure to address the merits of petitioner's post-conviction application was a violation of state law, namely La. C. Cr. P. art. 924, et al.;  3) the trial judge's failure to address the post-conviction application was a breech of the Code of Judicial Conduct; 4) the trial judge's failure to address petitioner's claims constituted "willful misconduct"; 5) whether a writ of review could deny petitioner jurisdiction when it concerns issues of a "public record request"; and, 6) whether the trial court abused its discretion in holding that a writ of review  for the denial of a public records request deprived the court of jurisdiction to review a post-conviction application.  In that writ application, petitioner *did not* argue the substantive claims before the Louisiana Supreme Court which he currently wishes to assert his federal habeas application.

Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to *habeas corpus* relief.  28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987).  Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court *in a procedurally proper manner.*  *Dupuy v. Butler*, 837 F.2d 699, 702

---

jurisdiction.

(5th Cir. 1988)(emphasis added). See also, *Anderson v. Johnson*, 338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.") Moreover, when a habeas petitioner has presented the court with a petition containing some exhausted and some unexhausted claims, the entire "mixed" habeas petition is nonetheless subject to dismissal. *Pliler v. Ford*, 542 U.S. 225, 230, 124 S.Ct. 2441, 2445, 159 L.Ed.2d (2004), citing *Rose*, 455 U.S. 510, 522, 102 S.Ct. 1198.

Therefore, despite the fact that petitioner received a ruling on his post-conviction writ application no. 2003-KH-1630, many of his federal habeas claims remain unexhausted and his petition must be dismissed.

## **RECOMMENDATION**

Based upon the foregoing and upon the discussion previously provided in the Magistrate Judge's first Report and Recommendation, the undersigned Magistrate Judge **RECOMMENDS** that petitioner's habeas application be dismissed for failure to exhaust state court remedies.

It is further **RECOMMENDED** that the court, *sua sponte,* grant petitioner permission to file a motion to re-open his original habeas application within ninety (90) days after he has fully exhausted his claims for relief in the state courts. Such a remedy takes into

consideration the fact that petitioner would otherwise be time-barred upon his return to federal court due to the length of time his habeas petition has been pending in this court.[9]

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996).

New Orleans, Louisiana, this 12th day of June, 2006.

_____
LOUIS MOORE, JR.
UNITED STATES MAGISTRATE JUDGE

---

[9] Petitioner previously requested a stay or abeyance of his habeas petition when the Magistrate Judge first issued the September 1, 2004 Report and Recommendation finding the petition to contain unexhausted claims and recommending a dismissal without prejudice.